IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KAREN L. TAYLOR                                                          PLAINTIFF

VS.                                        5:08CV00034

PETE GEREN,
SECRETARY, DEPARTMENT
OF THE ARMY                                                              DEFENDANT

## ORDER

Pending is Defendant's motion to dismiss, in part, and for summary judgment. (docket # 17). Plaintiff responded and Defendant has filed a reply. For the reasons set forth herein, Defendant's motion is granted.

## Facts

Plaintiff, Karen L. Taylor, is employed as an Office Automation Clerk, pay grade GS-4, in the Directorate of Public Works ("the Directorate"), Engineering Plans and Services Division, at Pine Bluff Arsenal, Arkansas. Plaintiff has been a federal employee since 1984, and has served in the Engineering Plans and Services Division of the Directorate since 1999. She identifies herself as White and Native American. Plaintiff's first-level supervisor is Richard Mize, the Chief of the Engineering Plans and Services Division. Mr. Mize identifies himself as White and one-eighth Cherokee Indian. Plaintiff's second-level supervisor is Gene Thomas, the Director of Public Works at Pine Bluff Arsenal. Mr. Thomas identifies himself as White. The Engineering Plans and Services Division is one of five divisions located in the Directorate. It provides facility engineering and natural resources support to the Pine Bluff Arsenal. The Division employs nine people. Plaintiff holds the only clerical or administrative position in the Division. Her duties include word processing, entering data and text from construction projects into a Web

based processing system, receiving and dispatching e-mail, inputting time and attendance for employees, making travel arrangements, preparing requisitions for supplies, greeting visitors, answering phones, and maintaining office files. It is the policy of Pine Bluff Arsenal that non-competitive or "job accretion" promotions will be rare, and must be approved by the Civilian Executive Assistant to the Command.

Plaintiff filed an EEO complaint on September 19, 2003, claiming that she had been subject to disability discrimination because she had not been promoted to GS-6. The complaint resulted in a negotiated settlement agreement which provided that plaintiff would withdraw her EEO complaint in exchange for: (1) a position review of her assigned duties; (2) modification of her position description to reflect her current assigned duties; and (3) forwarding of the revised position description to the Southwest Region Civilian Personnel Operations Center ("CPOC") for classification of her position. The agreement provided that if the CPOC graded plaintiff's duties at the GS-5 level, she would be promoted to GS-5 without advertising the position. The position review or "desk audit" of Plaintiff's position was conducted, and her revised position description was forwarded to the CPOC. The CPOC classified her position as an Office Automation Clerk, pay grade GS-4. (The CPOC 1 actually determined that plaintiff's position was properly graded as a GS-3; however, management elected to maintain plaintiff's current grade.) Plaintiff filed a classification appeal with the Office of Personnel Management ("OPM"). OPM determined that her position was properly graded at the GS-4 level.

Around Thanksgiving of 2006, plaintiff spoke with Mr. Mize and Mr. Thomas again about promoting her to GS-5. Mr. Mize and Mr. Thomas agreed that they would try to take a slot from within the Directorate, convert it temporarily to an Office Automation Clerk, pay grade GS-

5, and advertise the position so that plaintiff could apply for it. If plaintiff was selected for the position, they would take the position she vacated and covert it back to the original position within the Directorate. After having this conversation, Defendant claims that Mr. Mize attempted to find a vacant slot to advertise. Mr. Mize checked regularly with the budget officer for a vacant slot; however, there were no slots available. Plaintiff disputes that a vacant slot was not available and argues that finding a vacant slot was not a part of the verbal agreement with Mr. Mize.

On May 21, 2007, plaintiff sent an email to Mr. Mize asking him for the status of the job announcement. Mr. Mize responded verbally to plaintiff that there was no vacant position within the Directorate to be used for announcing the job. Defendant contends that the following Monday, when Mr. Mize came into work, plaintiff accused him of lying about the availability of a slot. Plaintiff denies accusing Mr. Mize of lying. Plaintiff informed Mr. Mize that the slot vacated by Newell Gill was available. Mr. Mize investigated this issue, and learned that the slot vacated by Mr. Gill had been eliminated. Mr. Gill had been given early retirement as part of a Voluntary Early Retirement Authority/Voluntary Separation Incentive Program (VERA/VSIP), and under that program, his slot was required to be eliminated.

Dissatisfied with the response that she had received from Mr. Mize, on June 21, 2007, plaintiff contacted the Pine Bluff Arsenal EEO office and alleged that the failure to promote her and reclassify her job title was discrimination based upon her race, color and disability. On July 16, 2007, plaintiff filed her formal complaint of discrimination. Two days later, the EEO office issued a Final Agency Decision dismissing her complaint for failure to state a claim because plaintiff failed to identify a GS-5 position for which she had applied and been non-selected, and

because she raised the same claims that were the subject of her previous negotiated settlement agreement.

Plaintiff appealed the dismissal of EEO-2 to the EEOC.  The EEOC determined that although plaintiff's claims were similar to those covered by the negotiated settlement agreement, her complaint alleged events that had occurred in December 2006 and January 2007, therefore, the agency erred in dismissing her complaint for failure to state a claim and the EEOC remanded the case back to the agency for investigation of plaintiff's claims.

In August 2007, plaintiff applied for two GS-5 positions within other directorates at the Pine Bluff Arsenal. She applied for a position as an Industrial Hygiene Program Assistant at the Medical Command, and for a position as an Administrative Assistant in the Directorate of Material Management. Defendant claims that she was not referred for consideration for either position because she lacked the qualifications for either position.   Plaintiff disputes that she was not qualified.

In October of 2007, plaintiff applied for a GS-7 position as a Facilities Maintenance Assistant in the Directorate of Public Works. She was not referred for consideration for this position because she did not meet the time-in-grade requirements set forth by the Office of Personnel Management. Plaintiff's name was never referred to either Mr. Mize or Mr. Thomas for promotion on a competitive referral list.

While plaintiff's second EEO complaint was pending, she filed a third EEO complaint alleging that her right to due process was violated when her second EEO complaint was dismissed, and she was being retaliated against for her use of the FMLA. Since the complaint alleged discrimination by Pine Bluff's EEO officer, the complaint was elevated to Pine Bluff

Arsenal's higher level command, the Joint Munitions Command. On September 5, 2007, the Joint Munitions Command issued a Final Agency Decision dismissing her first claim pursuant to 29 C.F.R. § 1614.107(a)(8) which provides that an agency shall dismiss a complaint that alleges dissatisfaction with the processing of a previously-filed complaint. Plaintiff appealed the dismissal of EEO-3 to the EEOC, and on December 11, 2007, the EEOC affirmed the dismissal of her complaint. This suit followed.

Defendant argues that: (1) the Secretary of the Army is the sole proper defendant in this case; (2) Plaintiff's FMLA claim should be dismissed for lack of subject matter jurisdiction; (3) Plaintiff failed to exhaust her administrative remedies on all non-promotion claims prior to May 2007; (4) summary judgment is proper on Plaintiff's discriminatory non-promotion claims; (6) Plaintiff cannot establish a prima facie case of disability discrimination, and (7) summary judgment is appropriate on plaintiff's due process claims. Plaintiff concedes that the Secretary of the Army is the proper defendant and has filed an amended complaint naming the proper defendant. Accordingly, Defendant's motion to dismiss based on this ground is moot. Plaintiff concedes that her non-promotion claims prior to May 2007, disability discrimination claims and due process claims should be dismissed. Accordingly, Defendant's motion for summary judgment on these grounds is granted.

The Court will now consider Plaintiff's remaining FMLA and discriminatory non-promotion claims.

**Standard for Summary Judgment**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874

(8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Defendant moves to dismiss Plaintiff's FMLA claims for lack of subject matter

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). When the Court's subject matter jurisdiction is challenged, at issue is the Court's "very power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir.1990). For an action to be dismissed under 12(b)(1), the complaint must either be successfully challenged on the factual truthfulness of its assertions, or successfully challenged on its face. *Id*. at 729. When the Court's subject matter jurisdiction is challenged in a facial attack, the Court "restricts itself to the face of the pleadings." *Osborn*, 918 F.2d at 729.

## Discussion

1. FMLA claim

Defendant argues that Plaintiff's claims pursuant to FMLA should be dismissed because FMLA does not provide a private cause of action for the plaintiff in this Court. Title I of the FMLA applies to private sector employees. *See* 29 U.S.C. § 2611(2)(B). Conversely, "most employees of the federal government to whom the FMLA applies, ... are governed by Title II of the FMLA." *Mann v. Haigh*, 120 F.3d 34, 36 (4th Cir.1997); *see* 5 U.S.C. §§ 2105(a)(1)(A), (a)(1)(D) and 6301(2) (providing a series of definitions for the term "employee" as used in Title II of the FMLA). Title I expressly creates a right of action for private employees, see 29 U.S.C. § 2617(a)(2); however, Title II does not contain an analogous provision, see 5 U.S.C. §§ 6381-6387. Plaintiff is a Title II employee and the parties do not dispute this fact.

"Although the United States Court of Appeals for the Eighth Circuit has never considered whether federal employees were granted a cause of action under Title II of the FMLA, the Fourth, Ninth, Eleventh, and Federal Circuits have all held that federal employees may not bring suits based on FMLA violations." *Moynihan v. Gutierrez,* 2007 WL 2885342, 3 (E.D.Mo.,2007)

*citing, Mann v. Haigh*, 120 F.3d 34, 37 (4th Cir. 1997); *Russell v. United States Dept. of the Army*, 191 F.3d 1016, 1019 (9th cir. 1999); *Cavicchi v. Secretary of the Treasury,* 2004 WL 4917357 (11th Cir. October 15, 2004); *Bogumill v. Office of Personnel Management*, 1998 WL 486754, 1 (Fed.Cir. August 13, 1998).  Plaintiff is a federal employee and falls under the protections provided by Title II of the FMLA.  Congress has not unequivocally waived the sovereign immunity of the United States in Title II of the FMLA.  In the absence of an express waiver, the Court agrees with these Circuits and finds that Plaintiff's FMLA claim is barred by sovereign immunity.

      2.  Discriminatory non-promotion claims.

Plaintiff's failure-to-promote claims are analyzed under the familiar *McDonnell Douglas* burden-shifting framework. *See, Gentry v. Georgia-Pacific* Corp.  250 F.3d 646, 650 (8th Cir. 2001) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802(1973)).  Under this framework, a plaintiff establishes a prima facie case of discrimination in a failure-to-promote case by showing that: (1) she is a member of a protected group; (2) she was qualified and applied for a promotion to an available position; (3) she was rejected; and (4) similarly situated employees, not part of the protected group, were promoted instead.  "If a plaintiff establishes her prima facie case, the burden of production shifts to the employer, who must rebut the presumption of discrimination with evidence 'that the plaintiff was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason.' " *Id.* (*quoting Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). The burden then shifts to the plaintiff to point to evidence which demonstrates that the employer's reason is a mere pretext for intentional discrimination. *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133 (2000).   The parties

agree that the Plaintiff satisfies the first element of her prima facie case, she is a member of a protected group, American Indian. Defendant argues that Plaintiff cannot demonstrate the remaining elements of her claim and even if she were able to articulate a prima facie case, the Defendant has offered a legitimate non-discriminatory reason for its actions and Plaintiff cannot prove pretext.

Defendant contends that Mr. Mize and Mr. Thomas attempted to secure a promotion for Plaintiff by using an open position, converting it temporarily to the position of Office Automation Clerk, pay grade GS-5, and advertising the position so that plaintiff could apply for it. However, they were unable to find a vacant position to use for this purpose. Additionally, Plaintiff was not qualified for the positions for which she applied in August and October 2007. Plaintiff applied for positions in other directorates at the Pine Bluff Arsenal: the Medical Command, and the Directorate of Material Management. The evidence presented reflects that Plaintiff was not referred for these two positions because she was not in the group of best qualified candidates. Mr. Mize and Mr. Thomas were not the selecting officials for either of these positions and Plaintiff's application was never referred to any selecting official for consideration. Plaintiff was not referred for the final position for which she applied because she did not meet the time-in-grade requirements.

Plaintiff argues that a genuine issue of fact exists as to whether she was qualified for all three positions. However, Plaintiff's conclusory allegations of discrimination are insufficient to create a genuine issue of material fact to avoid summary judgment. *Thomas v. Corwin*, 483 F.3d 516 (8th Cir. 2007). Plaintiff has made no showing that intentional discrimination played any role in the determination that she was not qualified for these positions. Plaintiff identifies Cara Miller

and Pam Flowers as similarly situated employees not a part of the protected group, that were promoted instead. Cara Miller, is a former GS-7 who was hired off of a competitive list for a GS-6 position in her directorate. She is not similarly situated as she was classified three grades above Plaintiff. Pam Flowers is also not similarly situated as she was promoted to a GS-5 position over fifteen years ago. Further, Ms. Flowers promotion was the result of a lawsuit, not based upon her qualifications and did not involve the same supervisors. Finally, even if the Court were to find that Plaintiff presented a prima facie case, Plaintiff has not demonstrated that the Defendant's legitimate business decision, Plaintiff's lack of qualifications, was a pretext to intentional discrimination. "[F]ederal courts do not sit as a super-personnel department that reexamines an entity's business decisions." *McNary v. Schreiber Foods, Inc.*, 535 F.3d 765 (8th Cir. 2008) citing, *Johnson v. Ready Mixed Concrete Co.,* 424 F.3d 806, 812 (8th Cir.2005) (quoting *Harvey v. Anheuser-Busch, Inc.,* 38 F.3d 968, 973 (8th Cir.1994)).

For these reasons, Defendant's motion for summary judgment, docket # 21, is granted.

IT IS SO ORDERED this 8th day of October, 2008.

James M. Moody
United States District Judge